# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

HENRI JEAN-BAPTISTE,       *

Plaintiff       *

v.       *       Civil Action No. PWG-17-3009

MONTGOMERY COUNTY DEPARTMENT *
OF CORRECTIONS and
STATE'S ATTORNEY'S OFFICE OF       *
MARYLAND,
      *
Defendants
      ***

## MEMORANDUM OPINION

Plaintiff Henri Jean-Baptiste filed suit on October 17, 2017, invoking this Court's diversity jurisdiction for a personal injury claim against Montgomery County Department of Corrections and the State's Attorney's Office of Maryland. ECF No. 1.[1] Plaintiff, who is self-represented, also filed a Motion to Proceed in Forma Pauperis, which shall be granted. For the reasons set forth below, the complaint must be dismissed.

Plaintiff alleges that on January 27, 2012, his ex-wife's employer "instructed" her "to obtain a temporary Protective Order against plaintiff," and later that day, his ex-wife and her co-worker "to obtain the Protective Order . . . alleged that the Plaintiff was violent with severe bipolar disorder who had stopped taken [sic] his medications, followed [his ex-wife] to work and threaten[ed] to kill her." Compl. 4, ECF No. 1. He claims that unspecified Montgomery County officials acted on the accusations against him and issued a protective order. *Id.* at 4–5.

Plaintiff claims that his ex-wife alleged that he violated the protective order on February 16 and 23, 2012. *Id.* at 5. He claims that "[o]n March 19, 2012, Defendants . . . failed to

---

[1] Although Jean-Baptiste lists Defendants as "Montgomery County Department of Corrections, State's Attorney's Office of Maryland et, al [sic]," he does not list any other defendants on his Civil Cover Sheet, ECF No. 1-1, and he only includes proposed summonses for these named Defendants, ECF No. 1-2.

investigate before . . . initiation of a criminal complaint without proper basis against Plaintiff." *Id.* Plaintiff was arrested and spent 34 days incarcerated in Montgomery County, Maryland pre-trial. *Id.* He alleges that, when he went to court on April 27, 2012, he also faced a charge for calling his ex-wife's boss but, because the boss did not come to court to testify, that charge was dismissed. *Id.* at 5–6. As for his violation of the protective order, he claims that he "was forced to accept a plea deal 'guilty' in exchange for PBJ upon demonstrate[d] compliance after completing Eighteen Months Supervised Probation." *Id.* at 3. According to Plaintiff, the court failed to grant probation before judgment immediately upon his completion of supervised probation on October 27, 2013, instead "[n]egligently delay[ing] the PBJ until April 27, 2015." *Id.* He further alleges that after his release he petitioned the state court for an order requiring his ex-wife's mental status to be evaluated and the court issued an order requiring her to be involuntarily committed to a state mental health facility for that purpose. *Id.* at 7. Plaintiff claims negligence, negligent entrustment, false imprisonment, and malicious use of process. *Id.* at 8.

Plaintiff filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented litigant's pleadings, such as Jean-Baptiste's complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to

allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-23 (4th Cir. 1989).

There are several deficiencies present in Jean-Baptiste's complaint. First, the claims asserted are time-barred because they stem from the protective order issued on January 27, 2012; the March 2012 issuance of an arrest warrant; Plaintiff's subsequent arrest; his April 27, 2012 criminal trial, at which he "was forced to accept a plea deal 'guilty' in exchange for PBJ upon demonstrate[d] compliance after completing Eighteen Months Supervised Probation"; and the court's failure to grant probation before judgment immediately upon Plaintiff's completion of supervised probation on October 27, 2013, instead "[n]egligently delay[ing] the PBJ until April 27, 2015." Compl. 3–6. Plaintiff filed suit on October 17, 2017, more than four years after the last negligent act on October 27, 2013. Maryland's statute of limitations for the causes of action listed is three years from the date of occurrence. *See* Md. Code Ann., Cts & Jud. Proc. § 5-101. However, even if there were a date less than three years prior to the initiation of this lawsuit that could be viewed as the operative date of accrual, the complaint fails to state a claim against the named Defendants.

The complaint contains no direct allegations against the Montgomery County Department of Corrections. As such, it violates Rule 8's requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P.

3

8(d)(1). And, it is well-settled that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002) (internal quotation marks omitted). Here the claims against the Department of Corrections remain a mystery even after a thorough reading of the complaint.

As for the State's Attorney's Office of Maryland, he claims that its "[f]ailure to investigate or refusal to properly or be impartial [sic] resulted in criminal charges and total destruction of plaintiff life [sic] and due process." Compl. 7. Jean-Baptiste also appears to hold this Defendant responsible for the delayed issuance of probation before judgment. *See id.* at 3. But, the State's Attorney's Office "is not an entity capable of being sued." *See Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 393 (4th Cir. 2014). In Owens, the Fourth Circuit noted that Fed. R. Civ. P. 17(b) "provide[s] that the law of the state in which the district court sits determines an entity's capacity to be sued" and "[i]n *Boyer v. State*, [594 A.2d 121, 128 n.9 (Md. 1991)] Maryland's highest court made clear that, absent a statutory or constitutional provision creating a government agency, an 'office' or 'department' bears no unique legal identity, and thus, it cannot be sued under Maryland law." *Id.* There is no Maryland statutory or constitutional provision creating the State's Attorney's Office. *See id.* ("The 'State's Attorney' for each county and Baltimore City is a constitutional officer, but Maryland law creates no 'State's Attorney's *Office*.'").

And, even if Plaintiff amended the complaint to name individual employees of the State's Attorney's Office, those Defendants would be entitled to avail themselves of a defense of absolute immunity. Maryland's State's Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976). Absolute immunity is

4

designed to protect *judicial process*, thus the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 423-23). The decision as to "whether and when to prosecute" is "quasi-judicial," therefore, the State's Attorneys involved in Plaintiff's case enjoy absolute immunity. *See Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996).

In light of the deficiencies noted, the complaint is dismissed by separate Order which follows.

November 28, 2017
Date

Paul W. Grimm
United States District Judge